FILED
CLERK, U.S. DISTRICT COURT

05/04/2021

CENTRAL DISTRICT OF CALIFORNIA
BY: ___DM___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2020 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 2:21-cr-00214-MCS |
| Plaintiff, | **I N D I C T M E N T** |
| v. | [15 U.S.C. §§ 78j(b), 78ff and 17 C.F.R. § 240.10b-5: Securities Fraud; 18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 1028A(a)(1): Aggravated Identity Theft; 18 U.S.C. §§ 981(a)(1)(C), 982, 1028 and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| ZACHARY JOSEPH HORWITZ, aka "Zach Avery," | |
| Defendant. | |

The Grand Jury charges:

COUNTS ONE THROUGH FIVE

[15 U.S.C. §§ 78j(b), 78ff; 17 C.F.R. § 240.10b-5]

A.   INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

1.   Defendant ZACHARY JOSEPH HORWITZ, also known as "Zach Avery," was a resident of Los Angeles, California.

2.   1inMM Capital, LLC ("1inMM Capital"), was a California limited liability company defendant HORWITZ created in September 2013 and operated from his residence in Los Angeles, California. Defendant HORWITZ was 1inMM Capital's sole manager.

3.    Defendant HORWITZ had sole control over a City National Bank account in the name of 1inMM Capital domiciled in Los Angeles, California (the "1inMM Capital Account").

4.    In connection with the purported purchasing and licensing of film distribution rights, 1inMM Capital issued promissory notes that constituted "securities" within the meaning of the Securities Exchange Act of 1934.

B.    THE SCHEME TO DEFRAUD

5.    Beginning on a date unknown, but no later than in or about October 2014, and continuing through at least on or about April 6, 2021, in Los Angeles County, within the Central District of California, and elsewhere, defendant HORWITZ, knowingly and willfully, directly and indirectly, by the use of the means and instrumentalities of interstate commerce and the mails, in connection with the purchase and sale of securities, used and employed manipulative and deceptive devices and contrivances by: (1) employing a scheme to defraud; (2) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (3) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon purchasers and prospective purchasers of securities (the "victim-investors"), by causing materially false and fraudulent statements and material omissions to be made to the victim-investors about defendant HORWITZ's use of victim-investors' investments.

6.    The scheme to defraud operated, in substance, as follows:

a.    Defendant HORWITZ falsely represented to victim-investors that 1inMM Capital was in the business of purchasing

2

distribution rights to films, typically in the post-production stage of development, which 1inMM Capital would then profitably license to online streaming platforms such as HBO and Netflix for further distribution in regions outside the United States.

b.    Defendant HORWITZ solicited investments from the victim-investors by offering to sell them promissory notes issued by 1inMM Capital that defendant HORWITZ guaranteed would generate a specified return on a specified maturity date.  Defendant HORWITZ represented, promised, and maintained the pretense that 1inMM Capital would satisfy its obligations under each note through the profits 1inMM Capital would obtain by acquiring and licensing the distribution rights to the film(s) specified as the collateral for the note.

c.    To support his false representations and induce victim-investors to purchase the promissory notes, defendant HORWITZ provided victim-investors with fraudulent copies of purported license agreements between 1inMM Capital and the sales agents for the production companies of the films identified in the promissory notes. In fact, as defendant HORWITZ then knew, these license agreements were fake because 1inMM Capital had not acquired the film distribution rights that constituted the purported collateral for the promissory notes and had not entered into the asserted license agreements with the identified sales agents.

d.    Further to induce victim-investors to purchase the promissory notes and to convince the victim-investors that 1inMM Capital was a successful business able to honor its obligations under the promissory notes, defendant HORWITZ falsely represented to the victim-investors that online streaming platforms had already entered

or committed to enter into distribution agreements with 1inMM

Capital.  Defendant HORWITZ provided victim-investors with copies of

these purported preexisting distribution agreements when, in fact, as

defendant HORWITZ knew, 1inMM Capital had not entered into the

asserted distribution agreements with the online streaming platforms

and the purported copies of the distribution agreements were fake.

      e.   Defendant HORWITZ directed the victim-investors to

send the money to purchase the promissory notes to 1inMM Capital bank

accounts by means of interstate wire transfers.

      f.   Defendant HORWITZ operated 1inMM Capital as a Ponzi

scheme, in which the vast majority of its incoming revenue comprised

victim-investor funds that defendant HORWITZ used not to purchase

film distribution rights as he had represented and promised he would

but instead to pay returns to prior victim-investors, maintain 1inMM

Capital's appearance of legitimate operations, and make distributions

to himself which he used to pay for an opulent lifestyle.  Defendant

HORWITZ operated 1inMM Capital in this way to further the fraudulent

scheme and deceive the victim-investors into believing that their

investments were performing as defendant HORWITZ had represented and

promised they would, thus preventing the victim-investors from

discovering that 1inMM Capital was a Ponzi scheme.

      g.   In furtherance of the scheme and in order to lull the

victim-investors into believing their funds were safely invested as

he had promised, defendant HORWITZ falsely sought to reassure victim-

investors that any missed payments on promissory notes were caused by

audits, restructurings, and other temporary actions at the online

streaming platforms, and that payment on the notes would resume.  To

support these false claims, defendant HORWITZ sent the victim-

investors emails and text messages regarding progress on these purported actions and the resumption of payments, which he claimed had been sent to him by representatives of the online streaming platforms.  In fact, as defendant HORWITZ knew, he had not been in communication with the online streaming platforms about audits, restructurings, or other actions that purportedly delayed payments, and the correspondence he was supposedly forwarding was fake.

7.  In executing the fraudulent scheme described above, defendant HORWITZ, operating through 1inMM Capital, fraudulently obtained custody and control of hundreds of millions of dollars from victim-investors and caused the victim-investors to lose approximately $230 million.

C.  <u>EXECUTIONS OF THE FRAUDULENT SCHEME</u>

On or about the dates set forth below, within the Central District of California, and elsewhere, for the purpose of executing the above-described scheme to defraud, and in furtherance of the manipulative and deceptive devices described above, defendant HORWITZ directly and indirectly caused the following uses of a means and instrumentality of interstate commerce in connection with the purchase and sale of securities:

| COUNT | DATE | DESCRIPTION |
|-------|------|-------------|
| ONE | 12/14/2018 | Transfer of approximately $1,425,500 from Investor 1, by means of interstate wire communication, to the 1inMM Capital Account to purchase a promissory note secured by the assignment of rights to the film "Active Measures." |

| COUNT | DATE | DESCRIPTION |
|---|---|---|
| TWO | 05/29/2019 | Transfer of approximately $2,000,475 from Investor 2, by means of interstate wire communication, to the 1inMM Capital Account to purchase interests in promissory notes secured by the assignment of rights to the films "Watch List," "Run with the Hunted," and "Artic." |
| THREE | 06/13/2019 | Transfer of approximately $740,500 from Investor 3, by means of interstate wire communication, to the 1inMM Capital Account to purchase a promissory note secured by the assignment of rights to the film "Behind the Walls." |
| FOUR | 08/12/2019 | Transfer of approximately $746,200 from Investor 1, by means of interstate wire communication, to the 1inMM Capital Account to purchase a promissory note secured by the assignment of rights to the film "Wild Rose." |
| FIVE | 09/27/2019 | Transfer of approximately $742,250 from Investor 1, by means of interstate wire communication, to the 1inMM Capital Account to purchase a promissory note secured by the assignment of rights to the film "Bitter Harvest." |

COUNTS SIX THROUGH ELEVEN

[18 U.S.C. § 1343]

8.   The Grand Jury incorporates paragraphs 1 through 4 and 6 through 8 of this Indictment here.

A.   THE SCHEME TO DEFRAUD

9.   Beginning on a date unknown, but no later than in or about October 2014, and continuing through at least on or about April 6, 2021, in Los Angeles County, within the Central District of California, and elsewhere, defendant HORWITZ, knowingly and with the intent to defraud, devised, participated in, and executed a scheme to defraud victim-investors as to material matters, and to obtain money and property by means of material false and fraudulent pretenses, representations, promises, and the concealment of material facts.

10.   The scheme to defraud operated, in substance, as described in paragraphs 6 and 7 of this Indictment.

B.   USE OF INTERSTATE WIRES

11.   On or about the dates set forth below, within the Central District of California, and elsewhere, for the purpose of executing the above-described scheme to defraud, defendant HORWITZ transmitted

//

//

7

and caused the transmission of the following items by means of wire communication in interstate commerce:

| COUNT | DATE | INTERSTATE WIRING |
|-------|------|-------------------|
| SIX | 12/14/2018 | Transfer of approximately $1,425,500 from Investor 1, by means of interstate wire communication, to the 1inMM Capital Account. |
| SEVEN | 05/29/2019 | Transfer of approximately $2,000,475 from Investor 2, by means of interstate wire communication, to the 1inMM Capital Account. |
| EIGHT | 06/13/2019 | Transfer of approximately $740,500 from Investor 3, by means of interstate wire communication, to the 1inMM Capital Account. |
| NINE | 08/12/2019 | Transfer of approximately $746,200 from Investor 1, by means of interstate wire communication, to the 1inMM Capital Account. |
| TEN | 09/27/2019 | Transfer of approximately $742,250 from Investor 1, by means of interstate wire communication, to the 1inMM Capital Account. |
| ELEVEN | 01/28/2020 | Email from defendant HORWITZ to representatives of Investor 1 containing false correspondence with HBO personnel. |

COUNT TWELVE

[18 U.S.C. § 1028A(a)(1)]

12.  Beginning no later than on or about December 14, 2018, and continuing through at least December 21, 2018, in Los Angeles County, within the Central District of California, and elsewhere, defendant ZACHARY JOSEPH HORWITZ, also known as "Zach Avery," knowingly possessed, transferred, and used, without lawful authority, means of identification that defendant HORWITZ knew belonged to another person, that is, the name and signature of victim F.M., during and in relation to the offense of Wire Fraud, a felony violation of Title 18, United States Code, Section 1343, as charged in Count Six of this Indictment.

COUNT THIRTEEN

[18 U.S.C. § 1028A(a)(1)]

13.  On or about January 28, 2020, in Los Angeles County, within the Central District of California, and elsewhere, defendant ZACHARY JOSEPH HORWITZ, also known as "Zach Avery," knowingly possessed, transferred, and used, without lawful authority, means of identification that defendant HORWITZ knew belonged to another person, that is, the names of victims C.M., V.C., and J.C., during and in relation to the offense of Wire Fraud, a felony violation of Title 18, United States Code, Section 1343, as charged in Count Eleven of this Indictment.

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c)]

14.   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of the conviction of defendant ZACHARY JOSEPH HORWITZ, also known as "Zach Avery," of the offenses set forth in any of Counts One through Eleven of this Indictment.

15.   Defendant HORWITZ, if so convicted, shall forfeit to the United States of America the following:

a.   All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offense; and

b.   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

16.   Pursuant to Title 18, United States Code, Section 981(a)(1)(c), as incorporated by Title 28, United States Code, Section 2461(c), if so convicted, defendant HORWITZ shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of defendant HORWITZ, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in

value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. §§ 982, 1028]

17.   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Sections 982 and 1028, in the event of the conviction of defendant ZACHARY JOSEPH HORWITZ, also known as "Zach Avery," of the offenses set forth in either of Counts Twelve or Thirteen of this Indictment.

18.   Defendant HORWITZ, if so convicted, shall forfeit to the United States of America the following:

a.   All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense;

b.   Any personal property used or intended to be used to commit the offense; and

c.   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

19.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b) and 1028(g), defendant HORWITZ, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of defendant HORWITZ, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the

13

1    court; (d) has been substantially diminished in value; or (e) has

2    been commingled with other property that cannot be divided without

3    difficulty.

4

5                                          A TRUE BILL

6

7                                          _____/S/_____

8                                          Foreperson

9    TRACY L. WILKISON
     Acting United States Attorney

10

11   Scott M. Garringer
     Deputy Chief, Criminal Division For:

12   BRANDON D. FOX
     Assistant United States Attorney

13   Chief, Criminal Division

14   RANEE A. KATZENSTEIN
     Assistant United States Attorney

15   Chief, Major Frauds Section

16   POONAM G. KUMAR
     Assistant United States Attorney

17   Deputy Chief, Major Frauds Section

18   ALEXANDER B. SCHWAB
     DAVID H. CHAO

19   Assistant United States Attorneys
     Major Frauds Section

20

21

22

23

24

25

26

27

28