TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
ALEXANDER B. SCHWAB (Cal. Bar No. 283421)
DAVID H. CHAO (Cal. Bar. No. 273953)
Assistant United States Attorneys
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-1259/4586
     Facsimile: (213) 894-0141
     E-mail:    alexander.schwab@usdoj.gov
                david.chao@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                    UNITED STATES DISTRICT COURT

                FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 21-214-MCS |
|---|---|
| Plaintiff, | GOVERNMENT'S OBJECTION TO NOTICE OF RELATED CASES |
| v. | |
| ZACHARY JOSEPH HORWITZ, aka "Zach Avery," | |
| Defendant. | |

        Plaintiff United States of America, by and through its counsel

of record, the Acting United States Attorney for the Central District

of California and Assistant United States Attorneys Alexander B.

Schwab and David H. Chao, hereby files its Objection to defendant

Zachary Joseph Horwitz's Notice of Related Cases (Dkt. 27.)

//

//

//

//

1     This Objection is based upon the attached memorandum of points

2  and authorities, the files and records in this case, and such further

3  evidence and argument as the Court may permit.

4  Dated: May 10, 2021                    Respectfully submitted,

5                                         TRACY L. WILKISON
                                          Acting United States Attorney
6
                                          BRANDON D. FOX
7                                         Assistant United States Attorney
                                          Chief, Criminal Division
8

9                                         _____/s/_____
                                          ALEXANDER B. SCHWAB
10                                        DAVID H. CHAO
                                          Assistant United States Attorneys
11
                                          Attorneys for Plaintiff
12                                        UNITED STATES OF AMERICA

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

### MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    INTRODUCTION

3

The government objects to defendant's Notice of Related Cases.
(Dkt. 27.)  The notice is not permitted under the Local Rules in this
district and has no legal basis.  Even if the Court were inclined to
entertain it, the notice lacks merit because the civil action before
the Honorable Christina Snyder was not filed first and has not
progressed beyond this case.  For these reasons, discussed further
below, defendant's Notice of Related Cases should be stricken.

## II.   STATEMENT OF FACTS

On April 5, 2021, the government filed a criminal complaint
against defendant charging him with wire fraud, in violation of 18
U.S.C. § 1343.  (Dkt. 1.)  The following day, agents with the Federal
Bureau of Investigation arrested defendant and executed a search
warrant at his house.  See In re Matter of the Search Warrant, Case
No. 2:21-mj-01633-DUTY.  Defendant was released on bond subject to
the filing of an affidavit of surety secured by property, which was
completed on April 23, 2021.  (Dkt. 6, 20.)

On May 4, 2021, the grand jury returned a 13-count indictment
against defendant charging him with five counts of securities fraud,
six counts of wire fraud, and two counts of aggravated identity
theft.  (Dkt. 25.)  The indictment alleges that between 2014 and
2019, defendant raised hundreds of millions of dollars by issuing
promissory notes to victim-investors that guaranteed a specified
return on a specified maturity date.  (Id. ¶¶ 5, 7.)  To induce these
investments, defendant falsely told the victim-investors that his
company, 1inMM Capital, was in the business of acquiring distribution
rights to films and then licensing them to online streaming platforms

1  such as HBO and Netflix for further distribution outside the United
2  States.  (Id. ¶ 6(a).)  Defendant falsely claimed that 1inMM Capital
3  would satisfy its obligations under each promissory note through the
4  profits 1inMM Capital would reap by acquiring and licensing the
5  distribution rights to the films.  (Id. ¶ 6(b).)  Defendant further
6  asserted that the funds raised by each promissory note would be used
7  to finance the purchase of a specified film, and that each note would
8  be secured by an assignment of rights to the specified film.  (Id.
9  ¶¶ 6(b), (f).)  To bolster these lies, defendant provided victim-
10 investors with fraudulent copies of purported license agreements
11 between 1inMM Capital and the sales agent for the production
12 companies of the films identified in the promissory notes.  (Id.
13 ¶ 6(c).)  He also provided victim-investors with fraudulent copies of
14 purported distribution agreements with HBO and Netflix for the films
15 identified in the promissory notes.  (Id. ¶ 6(d).)

16 　　As it turns out, the entire operation was a fabrication.  As
17 defendant then knew, neither he nor 1inMM Capital had any business
18 relationships with Netflix or HBO, or the main sales agent from whom
19 defendant claimed to acquire licensing rights for films.  (Id. ¶
20 6(c)-(d).)  Instead, defendant diverted the investor funds for his
21 personal benefit while making payments to earlier victim-investors in
22 the style of a classic Ponzi scheme.  (Id. ¶ 6(f).)  When he could no
23 longer sustain the Ponzi payments, defendant kept the scheme alive by
24 telling victim-investors that the delayed payments on promissory
25 notes were caused by the online streaming platforms.  (Id. ¶ 6(g).)
26 To dress up this falsehood, defendant sent victim-investors emails
27 and text messages containing spoofed correspondence with Netflix and
28 HBO purportedly discussing the delays and resumption of payments.

1   (Id.)   To date, defendant, through 1inMM Capital, is in default to

2   investors on a total outstanding principal of approximately $230

3   million.   (Id. ¶ 7.)

4   **III. ARGUMENT**

5          In his Notice of Related Cases, defendant requests that the

6   instant criminal case be deemed related to a civil action, <u>Securities</u>

7   <u>and Exchange Commission v. Horwitz</u>, Case No. 2:21-CV-02927-CAS-GJSx

8   ("SEC case"), and be reassigned to District Judge Christina Snyder.

9   Defendant's request should be denied because it is both procedurally

10  improper and substantively unjustified.

11         **A.   Defendant's Request Conflicts with the Local Rules**

12         Defendant's request is not permitted by the Local Rules in this

13  district.   Defendant cannot cite any rule that supports his notice.

14  Instead, the Local Rules call for notices of related cases to be

15  filed in a criminal case when it is related to another criminal case

16  or civil forfeiture case, and in a civil case when it is related to

17  another civil case.   <u>See</u> C.D. Cal. L. Cr. R. 7-4 (requiring notice

18  "whenever a criminal case previously filed and one or more

19  informations or indictments later filed" are sufficiently related);

20  C.D. Cal. L.R. 83-1.3.1 (requiring notice "whenever two or more civil

21  cases filed in this District" are sufficiently related); C.D. Cal.

22  L.R 83-1.3.2 (requiring notice "whenever a civil forfeiture case and

23  a criminal case" are sufficiently related).   Here, defendant's

24  request to deem this criminal case related to a civil case is not

25  permitted by the Local Rules and has no legal basis.   If the Court

26  had wished to include a local rule to allow for criminal and civil

27  cases to be deemed related and subject to reassignment, it could have

28  easily done so.   That the Local Rules do not provide for such a

1    mechanism, and expressly enumerate other circumstances in which cases

2    may be deemed related, makes clear that a criminal case cannot be

3    deemed related to a civil case.

4        It is telling that the cases defendant cites are from other

5    districts: our Local Rules are not the same as those in the Northern

6    and Eastern Districts of California, which expressly allow for a

7    criminal case to be deemed related to a civil action.  See N.D. Cal.

8    L. Cr. R. 8-1(b); E.D. Cal. L.R. 123.  Unless this judicial district

9    changes its rules to match theirs, there is no legal ground for

10   defendant's request.

11       Nor is this an instance where there is good cause to disregard

12   the Local Rules.  The Ninth Circuit has stated that departures from

13   the Local Rules are only appropriate when they "are so slight and

14   unimportant that the sensible treatment is to overlook them."  Allen

15   v. U.S. Fidelity & Guar. Co., 342 F.2d 951, 954 (9th Cir. 1965).

16   That is not the case here.  To the contrary, the rules on relating

17   cases help ensure uniformity and predictability in the administration

18   of criminal cases and civil cases, respectively.  If the Court

19   decided, as a matter of policy, to amend the Local Rules to allow for

20   criminal and civil matters to be deemed related, that would be

21   another matter entirely.  But criminal defense counsel does not have

22   the authority to make exceptions to the Local Rules on an ad hoc

23   basis.  To hold otherwise would render the applicable rule a nullity

24   and invite a patchwork of likely inconsistent rulings across

25   different judges on a matter that should be decided on a court-wide

26   basis.  Ignoring or selectively applying the rules would only

27   encourage disparate outcomes and forum shopping, and call into

28   question the case assignments of numerous existing and future

parallel actions, such as the many health care fraud cases in which there are parallel civil and criminal proceedings.  Therefore, the Court should adhere to the Local Rules.

**B.    A Case Transfer Is Not Justified In Any Event**

Even if the Court is inclined to entertain defendant's notice, this criminal case should not be transferred.  As an initial matter, the civil action before Judge Snyder was not charged first; it commenced on the same day as the filing of the criminal complaint, April 5, 2021.  (SEC Case Dkt. 1.)  Moreover, the SEC case has not progressed in any meaningful way on the merits, such that a transfer would afford any material savings in labor.  (SEC Case Dkt. 30.)  If anything, given the rules and statutes governing prompt discovery and speedy trial in criminal cases, there is a stronger argument in favor of transferring the SEC case to this Court's docket in the interest of efficiency.  Thus, transferring this case to Judge Snyder is neither supported by the Local Rules nor by considerations of judicial economy.

**IV.  CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court strike defendant's notice of related case.