Anthony Pacheco (SBN 128277)
apacheco@vedderprice.com
Ryan S. Hedges (SBN 217617)
rhedges@vedderprice.com
Vedder Price (CA), LLP
1925 Century Park East, Suite 1900
Los Angeles, California 90067
T:  +1 424 204 7700
F:  +1 424 204 7702

Attorneys for Defendant
Zachary Horwitz

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 2:21-CR-00214-MCS |
|---|---|
| Plaintiff, | **DEFENDANT ZACHARY HORWITZ'S RESPONSE TO THE GOVERNMENT'S OBJECTIONS TO NOTICE OF RELATED CASES** |
| v. | |
| ZACHARY JOSEPH HORWITZ, | |
| Defendant. | *[Filed concurrently with Defendant's Response in SEC v. Horwitz, 2:21-CV-02927-CAS-GJSx]* |
| | Judge      Mark C. Scarsi |

Defendant Zachary J. Horwitz ("Horwitz") hereby submits the following response to the Government's Objection to Horwitz's Notice of Related Cases. Horwitz's Notice of Related Cases was filed with the Honorable Mark C. Scarsi (ECF No. 27) and the Honorable Christina A. Snyder (ECF No. 36).  The Government's Objection was filed with the Honorable Mark C. Scarsi (ECF No. 30), but was not filed with the Honorable Christina A. Snyder.

## **PRELIMINARY STATEMENT**

Contrary to the Government's argument, no rule prevents this Court from managing its own docket or ensuring the fair administration of justice, including by determining that this matter is related to *SEC v. Horwitz*, Case Number 2:21-CV-02927-CAS-GJSx, and reassigning the matter to the Honorable Christina A. Snyder, who is already considering the same facts and determinations of law in two other matters.[1]   Federal Rule of Civil Procedure 83(b) specifically allows a Court to regulate practice in any manner consistent with federal rules and the district's local rules.  The Local Rules of this Court do not limit that discretion, and do not attempt to limit the jurisdiction of Article III judges to manage their dockets, particularly when it comes to deciding that two cases are related.

There is good reason to exercise that discretion here because the claims in *SEC v. Horwitz*, Case Number 2:21-CV-02927-CAS-GJSx, arise from the same facts, call for the same determinations of law, and would entail substantial duplication of labor if heard by different judges.  Keeping these matters before separate judges effectively provides the Government – the plaintiff in both cases – with two bites at the apple on these questions of fact and law, which is precisely what the Local Rules intended to prevent by obligating parties to notify the Court of related cases.

## **ARGUMENT**

## I.   **Federal and Local Rules Permit Courts to Deem Civil and Criminal Actions Related.**

The Government argues that the Local Rules of this Court "make[] it clear that a criminal case cannot be deemed related to a civil case."  Gov. Obj. at 7.  The Government is wrong.  Federal Rule of Civil Procedure 83(b), provides that "[a] judge may regulate practice in any manner consistent with federal law, rules adopted

---

[1] The Court previously determined that *Whitmore et al. v. Horwitz et al.*, case number 2:21-cv-03393-CAS-GJS, is related to the SEC case and reassigned the *Whitmore* case to Judge Snyder on that basis.

under 28 U.S.C. §§2072 and 2075, and the district's local rules." Local Rule 83-1.3, which is based on Federal Rule of Civil Procedure 83(b), speaks to when a party is required to file a Notice of Related Cases. It reads: "It *shall* be *the responsibility of the parties* to promptly file a Notice of Related Cases whenever two or more civil cases filed in this District" meet certain criteria. (emphasis added). Simply put, the Federal Rules provide a judge with discretion and the Local Rules do not limit that discretion. Rather, the Local Rules obligate *the parties* to assist the judge in exercising discretion by notifying the particular judge(s) of related cases. Local Rule 83-1.3 does not prevent a party from drawing the Court's attention to a criminal case that also meets the criteria.

The same is true of Local Criminal Rule 7-4, which also specifies when a party must file a Notice of Related Cases in a criminal matter. It reads: "It *shall* be *the responsibility of the parties* to promptly file a Notice of Related Cases whenever a criminal case previously filed and one or more informations or indictments later filed" meet certain criteria. (emphasis added). Local Criminal Rule 7-4 does not limit a judge's discretion nor does it prevent a party from drawing the Court's attention to a civil case that also meets the criteria.

The Government wholly disregards relevant the Federal Rule of Civil Procedure, the statutory basis from which the Local Rules are derived, and mischaracterizes the nature of the Local Rules. These Local Rules do not concern when this Court may deem two cases related, rather they speak to when a party is obligated to assist a judge in exercising that discretion by filing a Notice of Related Cases. Nothing in the Local Rules "makes clear that a criminal case cannot be deemed related to a civil case," contrary to the government assertions. Gov. Obj. at 6. In fact, drawing the Court's attention to a criminal matter that arises from the same facts and calls for the same determinations of law is consistent with the spirit of the Local Rules, which are intended to avoid substantial duplication of labor in the proceedings if heard by different judges.

It is worth noting that the local rules of other federal courts do address when a court may deem two cases related. For example, Local Rule 123 of the U.S. District Court for the Eastern District of California defines related cases in a manner that does not distinguish between civil and criminal matters and imposes a broader duty on counsel when it is necessary to file a Notice of Related Cases. *See also* Local Rule 3-12 of the U.S. District Court for the Northern District of California. These local rules make it clear that nothing in the Federal Rules prevents a District Court from deeming a civil and criminal case to be related. In fact, these local rules make it clear that other federal courts encourage assigning criminal and civil matters to the same judge.

Moreover, these other local rules of other courts articulate what conditions must be met in order for two cases to be considered related. E.D. Cal. L.R. 123(a); N.D. Cal. L.R. 3-12(a). In contrast, the Local Rules of this Court *do not* impose such limitations on a judge's discretion. If this Court intended its Local Rules to prevent a criminal case from being deemed related to a civil case, it would have said so explicitly.

## II. <u>There is Good Cause to Find the Criminal Matter Is Related to the Civil Matters.</u>

As Horwitz explained in his Notice of Related Cases, the civil and criminal matters arise out of the same transactions, happenings, or events and call for the determination of the same or substantially similar questions of law and fact. For example, both matters require threshold determinations as to whether certain promissory notes constitute "securities" as defined by the Securities and Exchange Act of 1934. Determining these issues would entail unnecessary duplication and expense of the Court's resources if heard by different judges and could result in inconsistencies.

Whether two judges would be deciding the same issues of fact and law is the critical consideration to evaluate whether the Court should deem the two cases

related.  The Government does not dispute that both judges would be deciding the same facts and law – the government simply ignores the duplication of effort.  This is particularly concerning because the Government benefits from the duplication of efforts—it effectively receives two opportunities to have a judge decide certain threshold questions in its favor.  For example, if one judge does not find the promissory notes at issue in these actions are "securities" as defined by the Securities and Exchange Act of 1934, the Government has a second chance to convince the other judge.

The reasons offered by the Government as to why a transfer is not justified are unfounded.  First, the Government argues that "the rules and statutes governing prompt discovery and speedy trial in criminal cases" means "there is a stronger argument in favor of transferring the SEC case to [the criminal] Court's docket in the interest of efficiency."  Gov. Obj. at 7.  However, the rules and statutes governing criminal proceedings will apply regardless of whether the criminal matter is transferred to Judge Snyder.  There is no doubt that Judge Snyder would apply the appropriate laws in Horwitz's criminal case.  The Government points to no efficiency that is obtained by keeping the cases unrelated and/or keeping the matter with Judge Scarsi.

Second, the Government suggests that we look to the progress of each case, but  at the same time ignores that Judge Snyder has spent substantially more time with the facts of the matter and that the SEC matter is far more developed than the criminal case.  This matter has been before Judge Snyder since April 5, 2021, when the Securities and Exchange Commission complaint was filed.  Since that time, Judge Snyder has issued several orders, including Ordering a Temporary Restraining Order (ECF No. 18 in *SEC v. Horwitz*, Case Number 2:21-CV-02927-CAS-GJSx) after considering the facts set forth in nine factual declarations (ECF Nos. 6-14 in *SEC v. Horwitz*, Case Number 2:21-CV-02927-CAS-GJSx).  Notably, and contrary to the Government's claim, these facts *do* relate to the merits.  The criminal matter,

however, was initiated by a criminal complaint and was before Magistrate Judge Rosenbluth until an indictment was returned on May 4, 2021 and the matter was then assigned to Judge Scarsi. Judge Scarsi has yet to issue an order in the criminal matter, and post-indictment arraignment is not scheduled to occur until May 13, 2021.

Third, the Government argues that both the civil and criminal actions "commenced on the same day." Gov. Obj. at 7. To the extent the Government views these matters as commencing on the same day, that is additional evidence that the matters are related. The Government suggests that this purported tie goes to the criminal matter. But a criminal complaint is not equivalent to a civil complaint for purposes of commencing an action. The indictment, which is necessary to initiate the criminal matter, was not filed until a month after the civil complaint. Before that indictment was filed, the criminal proceedings were heard before a magistrate judge, who is no longer assigned to the matter.

Finally, the Government speculates that deeming these cases related might encourage forum shopping. But this appears to be precisely what the Government is itself doing here. The Government offers no principled reason why the criminal case should not be transferred to Judge Snyder, but rather misreads the Local Rules in an effort to avoid the matters being deemed related. This is particularly concerning because keeping these matters before separate judges effectively provides the Government with two chances to have critical threshold questions decided in its favor, which is precisely what the Local Rules were intended to prevent.

//

//

//

//

//

//

//

1

### III.  Conclusion

2      For the foregoing reasons, Horwitz respectfully requests this matter should be

3   deemed related to *SEC v. Horwitz*, case number 2:21-CV-02927-CAS-GJSx, and

4   assigned to the Honorable Christina A. Snyder.

5   Dated:        May 11, 2021                VEDDER PRICE (CA), LLP

6

7                                  By: /s/ Ryan S. Hedges

8                                      Anthony Pacheco
                                       Ryan S. Hedges

9                                  Attorneys for Defendant

10                                 Zachary Horwitz

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 11, 2021, I caused to be electronically filed a true and correct copy of the foregoing with the Clerk of Court using the CM/ECF system and that all counsel of record will be served via the Notice of Electronic Filing generated by CM/ECF.

/s/ Ryan S. Hedges
Ryan S. Hedges

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

8

CERTIFICATE OF SERVICE